IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| AMERICA SERVICE GROUP INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:10-0616 |
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) ) | Judge Trauger |
| | ) | Magistrate Judge Knowles |
| Defendant. | ) ) ) | |

## INITIAL CASE MANAGEMENT ORDER

A. **JURISDICTION**: The court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

B. **BRIEF THEORIES OF THE PARTIES**:

1) PLAINTIFF: This dispute arises out of Zurich American Insurance Company's ("Zurich") refusal to indemnify America Service Group, Inc. (ASG) pursuant to an excess policy of insurance (Policy No. DOC 5436424-00, effective November 21, 2004 to November 21, 2005 and extended through November 21, 2006 (the "Excess Policy")), for amounts paid in defense costs and in settlement to claimants in an underlying securities litigation. After leading ASG and the brokers to believe that Zurich would remove a prior acts endorsement upon receipt of a warranty letter during the policy period, Zurich refused to remove the endorsement upon receipt of the warranty letter and denied ASG's claim based on that endorsement.

In 2004, ASG sought a directors' and officers' insurance policy that would insure ASG and its directors and officers for claims made during the policy period, even if those claims arose out of circumstances occurring before the policy period began. Coverage for claims made during

the policy period arising out of circumstances that may have existed prior to the policy period was a material term of the agreement between Zurich and ASG. Zurich's written proposal to ASG included that coverage. ASG accepted Zurich's proposal and subsequently paid a premium for that coverage. Zurich's subsequently issued insurance binder for the first time referred to a prior acts endorsement but further stated that Zurich would remove the endorsement upon receipt of a warranty letter stating that as of November 21, 2004 (commencement of the policy period), ASG had no knowledge of circumstances that could give rise to a claim. The binder referred to a ten-day period to submit the warranty statement but also stated that Zurich could waive the ten-day period for any reason. Throughout the parties' course of dealing, Zurich led ASG to believe that Zurich would waive the ten-day provision and remove the prior acts endorsement upon receipt of the warranty letter. ASG subsequently submitted the warranty letter. Nevertheless, when ASG sought coverage for the underlying securities litigation, Zurich cited the prior acts endorsement to deny coverage even though ASG had provided the requisite warranty, which Zurich did not dispute. Zurich's denial continued through the pending resolution of the underlying claims, which cost ASG more than the limits of its primary insurance and Zurich's Excess Policy.

Zurich breached its contract with ASG by refusing to remove the prior acts endorsement in accordance with the mutual intent of the parties and subsequent modification agreed upon by both parties and through the parties' course of dealing. ASG paid a premium for a policy that did not include a prior acts endorsement and, regardless of the terms of the issued policy, the intended contract without such an endorsement is implied by law and fact. The contract should be reformed to conform to the mutual intent of the parties or, in the presence of Zurich's deceptive course of dealing, to conform to ASG's intent to purchase coverage without a prior

acts endorsement. Zurich collected a premium for an Excess Policy without a prior acts endorsement, subsequently indicated to ASG that it would remove the prior acts endorsement upon receipt of the warranty letter without regard to a ten day deadline, and then refused to perform either promise. Zurich should be estopped from relying on the prior acts endorsement. If Zurich did not intend to honor its promise to remove the prior acts endorsement upon receipt of the warranty letter, its actions were fraudulent. Zurich retained ASG's premium while causing the forfeiture of ASG's coverage for the underlying claims, which unjustly enriched Zurich. Zurich is bound to honor its original agreement and/or its subsequent promise to modify the issued policy and provide ASG with coverage for the underlying claims.

        2) <u>DEFENDANT</u>: At the time of the Case Management Conference, Zurich has not yet responded to ASG's complaint and its investigation of ASG's allegations is on-going. Moreover, counsel for ASG has stated their intention to file an amended complaint, to which Zurich will file its response, by agreement, on September 20, 2010. At this stage of the pleadings, Zurich generally denies ASG's claims in their entirety. Defendant intends to demonstrate that the allegations in the complaint as presently filed cannot support the relief sought, contradict the clear terms of the insurance policy purchased and controlling here, and in any event are unsupported by the facts.

    C.    **ISSUES RESOLVED**: Jurisdiction and venue.

    D.    **ISSUES STILL IN DISPUTE**: Liability and damages.

    E.    I**NITIAL DISCLOSURES**: The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before September 20, 2010.

F.  **MOTION TO DISMISS:**  Defendant shall file its motion to dismiss, if any, on or before September 20, 2010.  Plaintiff shall respond within 14 days after filing of the motion.  An optional reply may be filed within seven days after the filing of the response.

G.  **DISCOVERY**:  The parties shall complete all written discovery and depose all fact witnesses on or before June 1, 2011.  Discovery is not stayed during dispositive motions, unless ordered by the Court.  Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts.  No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference call with Judge Trauger.

H.  **MOTIONS TO AMEND**:  The parties shall file all Motions to Amend on or before April 21, 2011.

I.  **DISCLOSURE OF EXPERTS**:  ASG shall identify and disclose all expert witnesses and expert reports on or before July 1, 2011.  Zurich shall identify and disclose all expert witnesses and expert reports on or before August 1, 2011.

J.  **DEPOSITIONS OF EXPERT WITNESSES**:  The parties shall depose all expert witnesses between on or before September 1, 2011.

K.  **JOINT MEDIATION REPORT**:  The parties shall file a joint mediation report on or before August 5, 2011.

L.  **DISPOSITIVE MOTIONS**:  The parties shall file all dispositive motions on or before October 1, 2011.  Responses to dispositive motions shall be filed within thirty (30) days after the filing of the motion.  Optional replies may be filed within ten days after the filing of the response.  Briefs shall not exceed 20 pages.  No motion for partial summary judgment shall be filed except upon leave of court.  Any part wishing to file such a motion shall first file a separate

motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

M. **ELECTRONIC DISCOVERY**. The parties have reached an agreement regarding the conduct of electronic discovery, and the default standard contained in Administrative Order No. 174 shall not apply.

N. **ESTIMATED TRIAL TIME**: Five to six days.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge